# **EXHIBIT 6**

March 13, 2024

Jonathan Blum
Principal Deputy Administrator & Chief Operating Officer
Centers for Medicare and Medicaid Services
U.S. Department of Health and Human Services
7500 Security Boulevard
Baltimore, MD 21244-8010

    Re:    **Oral-Only Phosphate Lowering Therapies: Request to Maintain Coverage Under Medicare Part D for CY 2025 ESRD PPS Rulemaking**

Dear Mr. Blum:

We appreciated the opportunity to meet with you on March 11, 2024, to discuss our perspectives and concerns regarding the possible inclusion of oral-only phosphate lowering therapies (PLTs) in the Medicare End-Stage Renal Disease (ESRD) Prospective Payment System (PPS or "bundle") in 2025. As emphasized in the meeting, we request that the Centers for Medicare and Medicaid Services (CMS) take action no later than the CY 2025 ESRD PPS rule to continue excluding oral-only PLTs from the regulatory definition of "renal dialysis services" beyond January 1, 2025, unless and until an intravenous or injectable equivalent of a drug is available. We strongly believe that CMS is approaching a critical time to clarify its policy for these therapies, since regulatory and commercial timelines for TDAPA submissions, Part D Plan budgeting, and dialysis provider operations all require clarity from CMS by mid-2025 to respond to CMS' plans for oral-only PLTs.

Proper management of serum phosphorus is crucial to reduce all-cause and cardiovascular morbidity and mortality among patients with ESRD, as well as to prevent bone pain, fractures, and skeletal deformities associated with renal osteodystrophy. Dialysis patients currently have access to the full range of oral-only PLTs under Medicare Part D, but many stakeholders (including treating nephrologists like Dr. Frita Fisher) are concerned that inclusion of these medicines in the ESRD PPS will dramatically restrict clinician choice and patient access. As we shared in the meeting, hyperphosphatemia management has evolved significantly since 2011, as has policy thinking on the ESRD PPS payment bundle's capacity to provide access to treatment innovations, leading many policy makers to conclude that bringing PLTs into the bundle is not the right policy for patient access or serving health equities. Moving PLTs into the ESRD PPS will significantly impede shared patient-physician decision-making on effective treatment options for managing an individual's hyperphosphatemia.

Nephrologists and dialysis providers have observed that the addition of new drug therapies to the ESRD PPS can produce negative effects, as exemplified by the limited access patients today have to effective calcimimetic therapy options and a new antipruritic drug (Korsuva). Providers have also experienced delays in accessing therapies during their transition from Medicare Part D into the ESRD PPS, and expect to encounter these delays again if this process occurs with PLTs. The serious mortality and morbidity risks attendant to hyperphosphatemia create even more concern about the health effects on lower-income and racial and ethnic minority patients with ESRD. Unfortunately, the current ESRD PPS system includes no guardrails, patient protections, or quality metrics to ensure patients with hyperphosphatemia can maintain access to effective phosphate-lowering therapy.

Extending coverage for oral-only PLTs under Part D would provide a sustainable method to maintain patient access to existing and new therapy options in this category. In contrast, inclusion of oral-only PLTs in the bundle will place further downward pressure on providers seeking to stretch the dialysis payment to cover treatments and medicines, especially given that CMS has recognized that the most recent ESRD PPS annual adjustments did not fully cover actual increases in providers' costs. This is especially important when addressing PLTs that are not administered during the dialysis session, but that instead require additional resources for the dialysis center to acquire and send home with the patient for meal-time administration. As Congress has instituted new and significant measures to enhance the affordability of the Part D benefit for patients, particularly those eligible for the low-income subsidy (LIS), there is strong rationale for maintaining coverage in Part D.

Significant support across a wide array of stakeholders exists for CMS to take action to continue to exclude oral-only PLTs from the ESRD bundle. As expressed by Dr. Puckrein on behalf of the National Minority Quality Forum (NMQF), the largest, data-driven kidney care organizations, as well as patient groups and physician groups, have continued to urge CMS to take action on this issue to protect patient access to PLTs and avoid the negative impacts on patient health and wellbeing. Last year alone, over 75 organizations, including patient-centered groups, submitted letters to CMS seeking action on this issue in connection with the CY 2024 ESRD PPS rulemaking cycle. As described in the meeting and the letter provided to the Division of Chronic Care Management, dated Sept. 4, 2023, we strongly believe CMS possesses the regulatory authority to continue to exclude oral-only PLTs from the ESRD bundle.

With time drawing short for CMS to clarify its plans for CY 2025 to providers, nephrologists, and beneficiaries, we urge CMS to act swiftly to maintain the current status of oral-only PLTs into 2025 and focus ESRD PPS resources on items and services already included in the bundle.

Thank you again for the opportunity to meet with you and discuss these concerns. We would be pleased to answer any questions.

Sincerely,

**/s/ Laura Williams, MD, MPH**
Chief Medical Officer
Ardelyx, Inc.

**/s/ Frita Fisher, MD**
President, Midtown Atlanta Nephrology
Medical Director, DCI Crawford Dialysis Center

**/s/ Gary Puckrein, PhD**
President & CEO
National Minority Quality Forum

**cc:**
Nora Fleming, Acting Director, Chronic Care Policy Group
Jana Lindquist, Director, Division of Chronic Care Management
Abigail Ryan, Deputy Director, Division of Chronic Care Management
Latham & Watkins LLP