**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ARDELYX, INC., AMERICAN ASSOCIATION OF KIDNEY PATIENTS, NATIONAL MINORITY QUALITY FORUM**,<br><br>    Plaintiffs,<br>  v.<br><br>**XAVIER BECERRA, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHIQUITA BROOKS-LASURE, AND CENTERS FOR MEDICARE AND MEDICAID SERVICES,**<br><br>    Defendants. | Case No. 1:24-cv-02095-BAH |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A NINE-DAY
EXTENSION OF TIME TO FILE OPPOSITION BRIEF**

Plaintiffs respectfully oppose Defendants' Motion For A Nine-Day Extension Of Time To File Opposition Brief (Dkt. 24) responsive to Plaintiffs' Motion To Alter Judgment, Or In The Alternative, For An Injunction Pending Appeal (Dkt. 23).

Plaintiffs have no desire to disrupt Defendants' or their counsel's Thanksgiving Holiday plans. The Parties have enjoyed a collegial and collaborative relationship throughout this case, and have consented to all reasonable requests for extension of time as is customary. *See, e.g.*, Dkt. 15 at 2 (agreed joint briefing schedule expanding Defendants' deadlines).

However, Defendants' Motion omits important context for Plaintiffs' response to Defendants' requested extension. Immediately below is the complete body of the email that Plaintiffs' counsel sent to Defendants' counsel on November 22 in response to Defendants' request for a nine-day extension of time:

> Thank you for your note. Unfortunately, we don't believe we're currently in a position to consent to an extension given that the January 1 date on which CMS's oral-only drugs policy will take effect is quickly approaching. We need time for the district court to rule on reconsideration, and, if necessary, motions practice before the Court of Appeals, before January 1. If Defendants would be open to pushing the effective date of that policy back to allow more time for the disposition of our motion for reconsideration and, if necessary, motions practice before the Court of Appeals, see, e.g., 5 U.S.C. § 705, we would in that instance be open to an extension. Please let us know your thoughts.

Rather than confer further, Defendants filed the instant Motion.

Given both the limited time remaining before Defendants' oral-only drug policy takes effect on January 1, 2025 and Defendants' apparent unwillingness to agree to a short postponement of the effective date of that policy, Plaintiffs do not believe the requested nine-day extension is appropriate. Retaining the existing schedule is necessary to afford this Court to have an opportunity to determine the Motion to Alter Judgment, Or In The Alternative, For An Injunction

1

Pending Appeal prior to January 1, 2025, *and*, if necessary, for Plaintiffs to seek an injunction pending appeal before the D.C. Circuit.[1]

If Defendants' Motion for Extension of Time is granted, their Opposition would not be due until December 13. That would leave just 11 remaining business days this year for the following steps: (1) Plaintiffs to file a Reply in support of their pending Motion, (2) this Court to rule on Plaintiffs' Motion, (3) the Parties to brief a Motion for Injunction Pending Appeal to the D.C. Circuit, if necessary, and (4) the D.C. Circuit's Motions Panel to decide that Motion. Delaying Defendants' Opposition would increase the number of steps (including those requiring effort from both Defendants and the courts) that would occur on or around the December Holidays.

By contrast, maintaining the default briefing schedule under this Court's rules (with Defendants' Opposition due by December 4) would better preserve the balance of December for the Parties and the courts to conclude the remaining steps described above, avoid any potential for prejudice to the Plaintiffs, and mitigate unnecessary burdens on all Parties and the courts around the December Holidays. Indeed, Plaintiffs plan to voluntarily expedite their reply in order to afford more time for the remaining steps above, to the extent necessary.

For these reasons, Plaintiffs respectfully oppose Defendants' requested extension of time.

---

[1] Plaintiffs, of course, strongly believe that their Motion to Alter Judgment, Or In The Alternative, For An Injunction Pending Appeal, should be granted. But Plaintiffs also believe that it is prudent for the schedule to leave time for D.C. Circuit review in the event the motion is not granted.

Dated:  November 22, 2024 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Michael E. Bern*
　　　　　　　　　　　　　　　　　　　　Michael E. Bern  (DC Bar No. 994791)
　　　　　　　　　　　　　　　　　　　　Christine C. Smith (DC Bar No. 1658087)
　　　　　　　　　　　　　　　　　　　　Delia Tasky (DC Bar No. DC Bar No. 1724285)
　　　　　　　　　　　　　　　　　　　　Alexander G. Siemers (DC Bar No. 900067465)
　　　　　　　　　　　　　　　　　　　　Latham & Watkins LLP
　　　　　　　　　　　　　　　　　　　　555 Eleventh Street, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　Tel: (202) 637-2200
　　　　　　　　　　　　　　　　　　　　Fax: (202) 637-2201
　　　　　　　　　　　　　　　　　　　　Email:    michael.bern@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　   christine.smith@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　   alex.siemers@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　   delia.tasky@lw.com

　　　　　　　　　　　　　　　　　　　　Nicholas L. Schlossman
　　　　　　　　　　　　　　　　　　　　(DC Bar No. 1029362)
　　　　　　　　　　　　　　　　　　　　Latham & Watkins LLP
　　　　　　　　　　　　　　　　　　　　300 Colorado Street, Suite 2400
　　　　　　　　　　　　　　　　　　　　Austin, TX 78701
　　　　　　　　　　　　　　　　　　　　Tel: (737) 910-7300
　　　　　　　　　　　　　　　　　　　　Fax: (737) 910-7301
　　　　　　　　　　　　　　　　　　　　Email:    nicholas.schlossman@lw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs Ardelyx, Inc., American Association of Kidney Patients*

　　　　　　　　　　　　　　　　　　　　James E. McCollum, Jr. (DC Bar. No. 398117)
　　　　　　　　　　　　　　　　　　　　Amit K. Sharma (D.C. Bar No. 503604)
　　　　　　　　　　　　　　　　　　　　The McCollum Firm, LLC
　　　　　　　　　　　　　　　　　　　　7309 Baltimore Avenue, Suite 117
　　　　　　　　　　　　　　　　　　　　College Park, MD 20740
　　　　　　　　　　　　　　　　　　　　Tel: (301) 537-0661
　　　　　　　　　　　　　　　　　　　　Fax: (301) 864-4351
　　　　　　　　　　　　　　　　　　　　Email:    jmccollum@jmlaw.net
　　　　　　　　　　　　　　　　　　　　　　　　   asharma@jmlaw.net

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff National Minority Quality Forum*